### Alguire, Appellant, *v.* Keller.

*Mechanic's lien—Excavation work—Failure to construct building—Act of June 4, 1901, P. L. 431.*

Under the Act of June 4, 1901, P. L. 431, a mechanic's lien cannot be filed for excavation work where no building has been erected.

Argued April 24, 1917.   Appeal, No. 30, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1914, No. 2337, for defendant n. o. v. in case of James Alguire v. Oswald Keller and Edward F. Gerber.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Scire facias sur mechanic's lien for excavation work. Before DAVIS, J.

At the trial the jury returned a verdict for the plaintiff for $266.87.   The court subsequently entered judgment for defendant n. o. v., on the ground that no building had been erected to which a lien could attach.

*Error assigned* was in entering judgment for defendant n. o. v.

*A. J. Eckles,* for appellant.

*John W. Dunkle,* with him *John A. Metz,* for appellee.

OPINION BY WILLIAMS, J., November 19, 1917:
This was a sci. fa. sur mechanic's lien.

Keller, the owner of a piece of ground, made an agreement with the plaintiff to do the excavating for an apartment house which he intended to erect thereon. Plaintiff commenced work November 18, 1912, and continued until December 9, when Keller told him to discontinue for the winter. In June, 1913, Keller told plaintiff he did not intend to go on with the building.

At the trial there was a finding for the plaintiff. The court below entered judgment n. o. v., because, inter alia, a lien could not be filed for excavation work, no building having been erected.

A lien may be filed for the excavation if the building is erected: McCristal v. Cochran, 147 Pa. 225; but in The Presbyterian Church v. Stettler, 26 Pa. 246; LEWIS, C. J., said (247) : "No amount of labor or materials furnished for the erection of a building, would create a lien if no building should be erected. So, if the building, after erection, should be destroyed by accident, before the ground on which it stood passed to a purchaser, the lien would be gone. The reason for binding the land is gone with the building." This decision was followed in Wigton & Brooks's App., 28 Pa. 161, and has not since been questioned.

Mechanics' liens are in derogation of the common law and those who take advantage of them must follow the statute strictly and be confined in the recovery to its express words. A lien bad on its face cannot be sustained. The Act of June 4, 1901, P. L. 431, provides that the lien shall be against any "structure or improvement and the curtilage appurtenant thereto"; and section one defines the meaning of those words. This definition does not include a mere excavation where no building is erected to which the lien can attach. If it did there would be an extension of the law as it stood prior to 1874, which will not be permitted: Page v. Carr, 232 Pa. 371.

The judgment is affirmed.