21944

George A. Z. JOHNSON, Jr., Inc., Respondent, v. E. Stanley BARNHILL and George B. Daniels, Appellants.

(306 S. E. (2d) 216)

*Thomas S. Tisdale, Jr.*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for appellants.*

*Chris B. Staubes, Jr.*, of *Clawson & Staubes*, Charleston, *for respondent.*

July 5, 1983.

Lewis, Chief Justice:

While other issues are presented in this appeal, the dispositive one is whether, under the South Carolina Mechanic's Lien statutes (Sections 29-5-10 and 29-5-20, 1976 Code of Laws), respondent Johnson, a surveyor, is entitled to a Mechanic's Lien upon the real property of appellant Barnhill for surveying work done in connection with the property.

Appellant employed respondent to survey, plat, and lay out approximately 194 acres of land known as Cassina Plantation in the Mount Pleasant area of Charleston County. The work consisted solely of subdividing the land into smaller tracts and laying out roads, bridle paths, and drainage ditches.

Disagreement arose between the parties over payment for the work, which resulted in the institution of this action to foreclose a mechanic's lien previously filed by respondent to

secure payment for the work allegedly done. Among other defenses, appellant moved to dismiss the action on the ground that work done by respondent did not entitle it to a lien under the terms of the foregoing statutes. The lower court denied the motion, holding that surveyors were entitled to a mechanic's lien for their services. The present issue arises on appeal from that ruling. We reverse.

We note at the outset that under a 1978 amendment (Code Section 29-5-21, Code Supplement) the provisions of Code Section 29-5-20 were extended to grant a mechanic's lien to surveyors. However, since the agreement and work performed in this case predated the 1978 amendment, it has no effect on this decision.

Respondent seeks to bring itself within the terms of both Section 29-5-10 and 29-5-20. Section 29-5-10 grants a lien to any person for labor performed or furnished in the erection, alteration or repair of any building or structure upon any real estate, which includes "the work of making such real estate suitable as a site for such building or structure." Section 29-5-20 gives a lien to every laborer or person "furnishing material for the improvement of real estate."

Under Section 29-5-10, respondent contends that the work of surveying and laying out lots was essential to the beginning of construction, hence it was "work of making such real estate suitable as a site." Respondent further argues that the work of surveying and laying out of lots constituted it a laborer and the services an "improvement" within the meaning of Section 29-5-20.

Additionally, respondent cites *Williamson v. Hotel Melrose*, 110 S. C. 1, 96 S. E. 407, which construed our statutes as extending the lien to the work of architects, and to *Sea Pines Co. v. Kiawah Island Co., Inc.*, 268 S. C. 153, 232 S. E. (2d) 501, which extended the lien of our statutes to cover the supervision of the planning and development of the project. It is argued that our Court has thus effectively liberalized the mechanic's lien statute to such an extent that the 1978 amendment (Section 29-5-21) was merely a codification of the existing law.

We do not think the cases cited by respondent are decisive of the present question. In *Williamson*, the architect furnished the plans and specifications and supervised the construction

of the building. Certainly, the architect furnished labor in the erection of the structure. In the case of *Sea Pines, Co.,* the agreement was also "to furnish plans and supervision of construction." These cases deal with labor performed in the actual construction of the buildings on the property and are thus distinguished from the present case where no labor was performed in making an improvement which became a part of the real estate.

The statute (Section 29-5-10), in granting a lien for labor performed or furnished in making the real estate upon which a building is to be placed "suitable as a site for such building," has reference, and is limited, to labor performed in the preparation of the location on which the building is to be placed. The survey and laying out of the subdivision was not labor in the preparation of the actual site for any building or other improvement to be located thereon. The laying out of the lot was nothing more than the designation of the site or place where the improvement might be placed by a subsequent purchaser.

Neither did the work of the surveyor constitute an improvement to the real estate within the meaning of Section 29-5-20. In order to establish a mechanic's lien, it is generally necessary that the labor performed go into something which has attached to and become a part of the real estate, adding to the value thereof. *Wilkinson v. Rowe,* 266 Ala. 675, 98 So. (2d) 435. The survey and marking of the lots simply designated an area to be sold; and the surveyor's service did not go into anything which attached to or become a part of the realty.

In *Guignard Brick Works v. Gantt,* 251 S. C. 29, 159 S. E. (2d) 850, this Court approved the settled principle that statutory liens may not be extended by the courts to claims not specified in the statute and that a claimant must bring himself within the expressed intention of the lawmakers. *See also Williamson, supra,* 110 S. C. 1, 96 S. E. 407.

There was no language in Sections 29-5-10 or 29-5-20 which expressly or by implication indicated a legislative intent that the services of a surveyor were covered by these statutes. See relevant annotations in 87 A.L.R. (2d) 1004 and 35 A.L.R. (3d) 1391.

The lower court was therefore in error in holding that

respondent was entitled to a lien for its services. Judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellant.

LITTLEJOHN, NESS, GREGORY, and HARWELL, JJ., concur.