0245

CLO-CAR TRUCKING CO., INC., Respondent, v. CLIFFLURE ESTATES OF SOUTH CAROLINA, INC. and Frank V. Bailes, Defendants, of whom Frank V. Bailes, is, Appellant. Appeal of Frank V. BAILES.

(320 S. E. (2d) 51)

Court of Appeals

*James R. Honeycutt,* Fort Mill, *for appellant.*

*Stephen R. McCrae, Jr.* of *Spratt, McKeown & Spratt,* York, *for respondent.*

Heard June 25, 1984.

Decided Aug. 30, 1984.

GOOLSBY, Judge:

The appellant Frank V. Bailes appeals from a circuit court order confirming a special referee's report that found the respondent Clo-Car Trucking Co., Inc., entitled to foreclose a statutory mechanic's lien upon land previously owned by the defendant Clifflure Estates of South Carolina, Inc. The principal question we are asked to determine is whether a lien can exist under Section 29-5-10 of the South Carolina Code of Laws, as amended, where neither the building nor the structure for which the labor was performed is either erected, altered, or repaired.[1]

Between July and October, 1979, Clo-Car provided labor and materials in clearing and grading land for the construction of streets and roads in Arman Knoll and Clifflure Section III, two undeveloped York County subdivisions then owned by Clifflure Estates and thereafter conveyed to Bailes. There is no allegation in the complaint that the clearing and grading

---

[1] Clo-Car seeks dismissal of Bailes' appeal on the ground that his several exceptions do not comply with Supreme Court Rule 4, Section 6. Because the issue sought to be raised can be readily determined and because the appeal is meritorious, we elect to consider the question presented by his exceptions rather than to dispose of the case on technical grounds. *Sandel v. Cousins,* 266 S. C. 19, 221 S. E. (2d) 111 (1975); *Baker v. Weaver,* 279 S. C. 479, 309 S. E. (2d) 770 (S. C. App. 1983).

were done in connection with the construction or erection of any building or structure upon the land other than "streets and roads," which, as we gather from the record, were never built.

Section 29-5-10 of the Code, as amended, provides in part as follows:

> Any person to whom a debt is due for labor performed ... or for materials ... used in the erection, alteration or repair of any building or structure upon any real estate ... by virtue of an agreement with ... the owner of such building or structure ... shall have a lien upon such building or structure and upon the interest of the owner thereof in the lot of land upon which it is situated to secure the payment of the debt so due to him. ... ... As used in this section, labor performed ... in the erection, alteration or repair of any building or structure upon any real estate shall include the work of making such real estate suitable as a site for such building or structure. Such work shall be deemed to include, but not be limited to, the grading, bulldozing, leveling, excavating and filling of land ..., the grading and paving of curbs and sidewalks and all asphalt paving, the construction of ditches and other drainage facilities and the laying of pipes and conduits for water, gas, electric, sewage and drainage purposes. ...

Bailes argues that the foregoing statute requires the existence of a building or structure in order for one to obtain a lien. Without a building or structure, he maintains, no lien can attach. Clo-Car, however, claims that there is no requirement that the land contain a building or structure.

Because a mechanic's lien exists only by virtue of statute [*Abajian v. Hill*, 42 Or. App. 695, 601 P. (2d) 837 (1979)], one's right to a mechanic's lien is wholly dependent upon the language of the statute creating it. *Lamoreaux v. Andersch*, 128 Minn. 261, 150 N. W. 908, LRA 1915D 204 (1915). Although the rule in several jurisdictions is that mechanic's lien statutes are to be given a strict construction as being in derogation of the common law [*see, e.g., Girdler Corp. v. Delaware Compressed Gas Co.*, 37 Del. 344, 183 A. 480 (1936); *Cronin v. Tatge*, 281 Ill. 336, 118. N. E. 35 (1917)], we believe the

rule in this State is that mechanic's lien statutes, being remedial, are to be given a liberal construction. *See National Loan & Exchange Bank of Columbia v. Argo Development Co.*, 141 S. C. 72, 139 S. E. 183 (1927); 53 Am. Jur. (2d) *Mechanics' Liens* § 23 at 540(1970). Still, we must take each mechanic's lien statute as we find it [*Bushman Construction Co. v. Air Force Academy Housing, Inc.*, 327 F. (2d) 481 (10th Cir. 1964)] for we are not at liberty to depart from the plain meaning of its language. *Stone v. Rosenfeld*, 141 Conn. 188, 104 A. (2d) 545 (1954).

> [E]ven though [we] follow[] the view that the mechanic's lien law is to be construed in a most liberal and comprehensive manner in favor of lien claimants, a claim may not be sustained when that can be done only by a forced and unnatural interpretation of the language of the statute. . . . [We will] not . . . apply the rule of liberal construction to create a lien where none exists or was intended by the legislature.

53 Am. Jur. (2d) *Mechanics' Lien* § 18 at 535 (1970); *Id.* § 23 at 542. Statutory liens, then, will not be extended by us to permit a claim not specified by the statute. *Guignard Brick Works v. Gantt*, 251 S. C. 29, 159 S. E. (2d) 850 (1968). As our Supreme Court stated in *Williamson v. Hotel Melrose*, 110 S. C. 1, 34, 96 S. E. 407 (1918), "He who sets up such a lien must bring himself fairly within the expressed intention of the lawmakers."

Here, as we noted previously, Clo-Car pursuant to its contract with Clifflure Estates cleared and graded land for the construction of streets and roads. Neither Clo-Car nor anyone else did anything more to the land. At no time, for example, was any gravel or other paving laid upon the cleared and graded areas or any curbs or gutters constructed upon them. Our first inquiry, therefore, is whether land cleared and graded for a street or road constitutes either a "building or structure" within the meaning of Section 29-5-10.

Manifestly, land cleared and graded for a street or road is not a "building." *See Black, Sivalls & Bryson v. Operators' Oil & Gas Co.*, 37 S. W. (2d) 313 (Tex. Civ. App. 1931). As used in Section 29-5-10, the word "building" includes "an erection intended for use and occupation as a

habitation, or for some purpose of trade, manufacture, ornament, or use, such as a house, store, church, or shed." 53 Am. Jur. (2d) *Mechanics' Liens* § 59 at 570-71 (1970); 57 C.J.S. *Mechanics' Liens* § 21 at 513 (1948).

■ Land merely cleared and graded also does not constitute a "structure." *Cf. Innie v. W & R, Inc.,* 116 N. H. 315, 359 A. (2d) 616 (1976) (holding that gravel roadways are subject to mechanics' liens); *Britt v. McClendon,* 213 Tenn. 232, 373 S. W. (2d) 457 (1963) (holding that a road is not a structure under mechanic's lien statute); *Village of Niles Center v. Industrial Commission,* 371 Ill. 622, 21 N. E. (2d) 745, 747 (1939) (holding that "a common dirt road is not a 'structure,'" within meaning of Workman's Compensation Act). The term "structure," as used in Section 29-5-10, means "[s]omething made up of a number of parts that are held or put together in a particular way." THE AMERICAN HERITAGE DICTIONARY at 1308 ((2d) ed. 1982); *see Favro v. State,* 39 Tex. Cr. R. 452, 46 S. W. 932, 73 Am. St. Rep. 950 (1911); 53 Am. Jur. (2d) *Mechanics' Liens* § 62 at 574 (1970).

Turning now to the principal question involved in this appeal, our Supreme Court has made it plain that, in order to establish a mechanics' lien, it is necessary that the labor performed should have gone into something that became connected to and part of the land. Just last year in *George A. Z. Johnson, Jr., Inc. v. Barnhill,* 279 S. C. 242, 306 S. E. (2d) 216, 218 (1983), the Supreme Court stated, in holding that the work of a surveyor did not constitute an "improvement" to real estate within the meaning of Section 29-5-20 of the Code, that "[i]n order to establish a mechanic's lien, it is generally necessary that the labor performed go into something which has attached to and become a part of the real estate, adding to the value thereof." Here, as we pointed out above, nothing attached to and became a part of the land that Clo-Car cleared and graded.

Our statute, it is true, enables one to qualify for a mechanic's lien who makes real estate suitable as a site for the erection of a building or structure by "grading, bulldozing, [or] leveling" of land. But in such a case the lien issues only when the "grading, bulldozing, [or] leveling" of land is done in connection with "the erection, alteration or repair of any building or structure upon [the] real estate" and the lien

578

attaches only to "such building or structure and [to] the interest of the owner thereof in the lot of land upon which it is situated." S. C. Code of Laws § 29-5-10 (1976).

We therefore hold that, under Section 29-5-10, a me-■ chanic's lien cannot attach to land or to an owner's interest in land where the work done is unconnected with and forms no integral part of the erection, alteration, or repair of either a building or a structure of some description. *See Yellow Run Coal Co. v. Yellow Run Energy Co.*, 278 Pa. Super. 574, 420 A. (2d) 690 (1980); *Sampson-Miller Associated Companies, Inc. v. Landmark Realty Co.*, 224 Pa. Super. 25, 303 A. (2d) 43 (1973); *Alguire v. Keller*, 68 Pa. Super. 279 (1917); *Florin v. McIntire*, 14 Pa. Co. 127 (1893); *Pratt v. Duncan*, 36 Minn. 545, 32 N. W. 709, 710 (1887); Annot., 39 A.L.R. (2d) 866, 872 (1955); 57 C.J.S. *Mechanics' Liens* § 20 at 513 (1948). For us to hold otherwise would amount to a usurpation of the functions of the General Assembly. If the scope of the statute discussed here is to be expanded, the legislature, not this court, should undertake to do it.

Reversed.

SANDERS, C. J., and GARDNER, J., concur.