## 1581

A.V.A. CONSTRUCTION CORPORATION, Appellant v. SANTEE WANDO CONSTRUCTION, Respondent.

(400 S.E. (2d) 498)

Court of Appeals

*Steven L. Smith, Smith & Associates*, North Charleston, *for appellant.*

*Ivan N. Nossokoff* and *A. Arthur Rosenblum,* Charleston, *for respondent.*

Heard Nov. 5, 1990.

Decided Dec. 10, 1991.

LITTLEJOHN, Acting Judge:

Plaintiff, A.V.A. Construction Corporation (Contractor) Appellant herein, brought this action against Defendant, Santee Wando Corporation (Owner) Respondent herein, to foreclose a mechanic's lien or alternatively to recover under breach of contract or *quantum meruit.* The owner moved to dismiss the mechanic's lien claim and vacate the lis pendens notice under Rule 12(b)(6) SCRCP alleging that no true account had been filed and no building or structure had been placed on the realty. The motion was granted, and the Contractor was permitted to proceed as for a breach of contract. The Contractor appeals. We reverse and remand.

## FACTS

The real estate involved is comprised of 43 acres divided into 87 building lots plus a tennis court, 60 feet by 120 feet. The Contractor agreed with the Owner to develop the tennis court, provide drainage facilities, build roads with curbs, clear and grade land in anticipation of completing a subdivision and selling the residential lots. The Contractor's claim is for $98,632.79, it apparently being only a portion of a larger contract. At the time this action was commenced, no houses had been constructed on any of the lots.

## ISSUES

The Contractor has filed nine exceptions, argued in the form of five questions in its brief. The issues upon which the appeal must be decided are less numerous, they being: (1) Whether paved asphalt roads, curbs, sewer and drainage facilities, and a tennis court are structures contemplated by the mechanic's lien statute, 1976 Code, Annotated, § 29-5-10 (Supplement 1989); (2) Whether a mechanic's lien encumbers the entire subdivision or only the earth lying beneath improvements provided; and (3) Whether a statement of account which is not itemized will invalidate the lien?

## TRIAL COURT RULING

The trial court in dismissing the mechanic's lien facet of the litigation relied in large measure on this Court's ruling in *Clo-Car Trucking Company, Inc. v. Clifflure Estates of South Carolina*, 282 S.C. 573, 320 S.E. (2d) 51 (Ct. App. 1984). The statute involved here states in relevant part as follows (§ 29-5-10 of the Code):

> Any person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of any building or structure upon any real estate . . . by virtue of an agreement with, or by consent of, the owner of the building or structure . . . shall have a lien upon the building or structure and upon the interest of the owner thereof in the lot of land upon which it is situated to secure the payment of the debt due to him. *The work is considered to include, but not be limited to, the grading, bulldozing, leveling, excavating and filling of land (including the furnishing of fill soil), the grading and paving of curbs and sidewalks and all asphalt paving, the construction of ditches and other drainage facilities, and the laying of pipes and conduits for water, gas, electric, sewage and drainage purposes.* (Emphasis added) .

We think the trial judge erred in failing to distinguish the two cases. A reading of *Clo-Car* reveals: "There is no allegation in the Complaint that the clearing and grading were done in connection with the construction or erection of any building or structure upon the land other than 'streets and roads,' which, as we gather from the record were never built."

There has been over the years a tendency of the General Assembly to liberalize the mechanic's lien statute, making available each time a lien to additional providers of labor and materials. Had the labor and materials in this case been provided for the construction of hard-surfaced driveways on particular lots, it would hardly be argued that the statute does not apply even though the residential buildings were yet to come. The tennis court, roads, streets, gutters, and drainage facilities were not provided for any particular lot but were provided in order to make all lots usable for building structures.

The purpose of the mechanic's lien statute is to aid both builders and owners. It enables a builder to supply labor and materials with the assurance of being paid without the necessity of a conventional note and mortgage. Simultaneously, it provides the owner with an easy method of obtaining credit while receiving the benefit of labor and materials supplied to his property. We think the statute sufficiently broad to encompass labor and materials for curbs, gutters, streets, a tennis court, and drainage facilities absolutely essential to the owner's development of his properties.

We agree with the Contractor which argues that the court erred in finding the lien would attach (if at all) to only the ground upon which the roads and curbing and tennis courts were erected, and not to the 43 acres. To hold that the lien attached only to the realty beneath the tennis court, roads, curbs, gutters, and sewer facilities would bring about a result obnoxious to all parties. *See Ex parte: Davis*, 9 S.C. 204 (1878). (Mechanic's lien encompassed several adjoining lots used by the owner for one common and avowed purpose.)

To hold that the lien attaches to the entire property may seem at first blush drastic. An owner can, however, take comfort in that § 29-5-110 of the 1989 Supplement to the Code permits a written undertaking releasing the property from the lien.

The Contractor submits error on the part of the trial judge in holding that the Contractor had failed to include ". . . a statement of a just and true account of the amount owed to him, with all just credits given, . . . ."[1] A dismissal on this ground is allowed only in case there appears to be no genuine issue of fact. From the meager record before this Court, it cannot be said that the statement is defective. In the case of *Black v. Haile*, 270 S.C. 93, 240 S.E. (2d) 646 (1978), the Supreme Court of South Carolina dismissed a similar factual situation holding:

> . . . The record does not permit of any one reasonable inference as to the amount due. Since there is a genuine issue as to this amount, the trial judge could not have properly concluded that the notice of lien filed did not state 'a just and true account of the amount due.'

---

[1] Portion of Code § 29-5-90.

Section 29-5-100 of our Code provides that no inaccuracy in stating the amount due shall invalidate the proceeding. We hold the court erred in finding that the statement account was inadequate.

The court erred in dismissing the mechanic's lien and lis pendens. We, therefore, reverse and remand for further proceedings.

Reversed and remanded.

SANDERS, C.J., and GARDNER, J., concur.

