THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY 
 RULE 239(d)(2), SCACR.
 THE STATE OF SOUTH 
 CAROLINA
 In The Court of 
 Appeals
 
 
 
 
 
 CMI Contracting, Inc.,       
 Respondent,
 
 
 
 
 v.
 
 
 
 
 Little River Lodging, LLC and Construction Design Associates, 
 Inc., Defendants,
 of whom Little River Lodging, LLC, is,       
 Appellant.
 
 
 
 
 
 Appeal From Horry 
 County
 J. Stanton Cross, 
 Jr., Master-In-Equity
 
 Unpublished Opinion 
 No. 2004-UP-421
 Submitted June 8, 
 2004  Filed June 30, 2004
 
 AFFIRMED
 
 
 
 
 
 W. W. DesChamps, Jr., of Myrtle Beach, for Appellant.
 Reese R. Boyd III, of Myrtle Beach, for Respondent.
 
 
 
 
 PER CURIAM:  Little River 
 Lodging, LLC, appeals the trial courts order granting judgment in favor of 
 CMI Contracting, Inc., on a mechanics lien in the amount of $73,620.75.  
 The order also awarded CMI $18,055.95 in prejudgment interest and $8,533.70 
 in attorneys fees.  As an alternative but superceded ground for recovery, 
 the trial court found Little River liable to CMI for the amount of the alleged 
 mechanics lien on the basis of CMIs unjust enrichment claim.  We affirm. 
 [1] 
 FACTS
 Little River is the 
 owner of a parcel of real estate situated in Horry County, South Carolina 
 upon which it sought to construct a commercial hotel development.  Through 
 its owner and operator, Bhupendra Patel, Little River contacted co-defendant 
 Construction Design Associates, Inc., (CDA), a general contractor, in February 
 2000 and asked CDA to begin working on the project.  CDA and Little River 
 understood the first phase of this project to include clearing the parcel 
 and filling some wetlands on the property.  Due to a longstanding professional 
 relationship between CDA and Little River, CDA did not initially require a 
 written agreement with Little River.  
 Subsequent to 
 these discussions concerning the property, CDA entered a subcontract agreement 
 with CMI for the clearing and wetland work to be performed on the property.  
 The subcontract agreement included a cost estimate from CMI of approximately 
 $118,000.  CMI began performing the agreed upon work in early March and completed 
 the work on April 11, 2000.  CDA and Patel visited the work site during the 
 months CMI performed the work specified in the subcontract agreement.  
 Following the 
 works completion, CMI submitted invoices to CDA for payment totaling $123,621.  
 CDA then submitted $50,000 in payment to CMI after receiving a check for the 
 same amount and purpose from Patel of Little River.  This was the only payment 
 CMI received for the work.  Although an internal CDA document recognized a 
 $61,259 balance due CMI on the subcontracting work, Patel later claimed he 
 understood the $50,000 payment to be the complete amount due CMI for the project.  
 
 Little River and CDA 
 did not memorialize their general contracting agreement for developing the 
 property until October 2000.  The contract states work shall not commence 
 until all of the following are accomplished: 1) financing is in place and 
 designated for the project; 2) a building permit is obtained; and 3) written 
 notice to proceed is received by CDA.  Because construction financing could 
 not be obtained, CDA never commenced contract performance.  No hotel or other 
 structure exists on the property today.
 In the meantime, 
 CMI served a summons, complaint, and notice and certificate of a mechanics 
 lien on the property on Little River on July 18, 2000 and to CDA on August 
 11, 2000.  In addition to the mechanics lien, CMI asserted a claim against 
 Little River for unjust enrichment.  The trial court awarded CMI a judgment 
 of $100,210.40, the lien plus interest and attorneys fees, against Little 
 River.  The court order also stated CMI was entitled to $73,620.75 on its 
 claim for unjust enrichment, but explained this award was superceded by CMIs 
 judgment on its mechanics lien.  This appeal followed.
 STANDARD OF REVIEW
 A proceeding to enforce a mechanics lien is 
 an action at law.  Seckinger v. Vessel Excalibur, 326 S.C. 382, 386, 
 483 S.E.2d 775, 777 (Ct. App. 1997).  In an action at law, on appeal of a 
 case tried without a jury, the findings of fact of the judge will not be disturbed 
 upon appeal unless found to be without evidence which reasonably supports 
 the judges findings.  Townes Assocs. v. City of Greenville, 266 S.C. 
 81, 86, 221 S.E.2d 773, 775 (1976).
 LAW / ANALYSIS
 I. Subject Matter Jurisdiction
 Little River argues the mechanics lien 
 foreclosure should be reversed because the trial court lacked subject matter 
 jurisdiction over the matter due to untimely service.  We disagree.
 South Carolina Code section 29-5-90 provides, 
 in pertinent part: 
 
 [A] lien shall be dissolved unless the person desiring 
 to avail himself thereof, within ninety days after he ceases to labor on or 
 furnish labor or material for such building or structure, serves upon the 
 owner . . . a statement of a just true account of the amount due him . . . 
 together with a description of the property intended to be covered by the 
 lien . . . with the name of the owner of the property, if known.
 
 S.C. Code Ann. § 29-5-90 (Supp. 2003). [b1]    It is undisputed that CMI served this required 
 notice and certificate of a mechanics lien on Little River after the statutorily 
 mandated ninety-day period.  However, when questioned at trial regarding the 
 sufficiency of the liens service, the following exchange occurred between 
 the trial court and counsel for Little River:
 
 THE COURT:  Is there an issue about the technical aspects 
 of the mechanics lien such as the notice, the certificate was given, the 
 timing of the foreclosure of the mechanics lien? All the technical aspects, 
 is that an issue?
 LITTLE RIVER:  I think the mechanics lien was served and 
 everything.
 THE COURT:  I dont have the roll up here.
 LITTLE RIVER:  Ive got some other points to argue, but 
 its not regarding service or whether the mechanics lien was properly prepared.
 
 The sufficiency of the liens service was never again discussed 
 or raised before the trial court.
 While Little River certainly could have 
 argued the timeliness of the mechanics liens service as valid grounds to 
 dismiss the initial foreclosure action, it failed to do so.  Generally, an 
 issue cannot be raised for the first time on appeal, but must have been raised 
 to and ruled upon by the trial judge to be preserved for appellate review.  
 Wilder v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).  However, 
 Little River argues the issue of timeliness of service is one of subject matter 
 jurisdiction and, as such, may be raised at any time, including for the first 
 time on appeal.  See Johnson v. State, 319 S.C. 62, 64, 459 
 S.E.2d 840, 841 (1995) (stating issues related to subject matter jurisdiction 
 can be raised at any time).
 Subject matter jurisdiction has been defined 
 as the power to hear and determine cases of the general class to which the 
 proceedings in question belong.  McLendon v. S.C. Dept of Highways and 
 Pub. Transp., 313 S.C. 525, 525-26, 443 S.E.2d 539, 540 (1994).  In McLendon, 
 the supreme court determined that a statute of limitations defense does not 
 raise a question of subject matter jurisdiction.  Id. at 525-26, 443 
 S.E.2d at 540. The supreme court extended this holding to the time limits 
 set by statutes of creation. [2] Simpson v. Sanders, 314 
 S.C. 413, 415 n.1, 445 S.E.2d 93, 94 n.1 (1994).  As such, issues of timeliness 
 of service, even when they arise from the mandatory terms of statutes of creation, 
 do not give rise to concerns of subject matter jurisdiction.  
 Thus, as Little River failed to raise to the trial court 
 the issue of whether the mechanics lien in this case was timely served, this 
 issue is not properly preserved for our review.
 II. Absence of a Structure on the Building Site
 Little River contends the trial court 
 erred in enforcing the mechanics lien because the absence of a building or 
 structure on the tract of land in question precludes attachment of the lien 
 to the land.  We disagree.
 The South Carolina mechanics lien statute provides: 
 
 
 A person to whom a debt is due for labor performed . . 
 .  in the erection, alteration, or repair of a building or structure upon 
 real estate . . . by virtue of an agreement with, or by consent of, the owner 
 of the building or structure, or a person having authority from, or rightfully 
 acting for, the owner in procuring or furnishing the labor or materials shall 
 have a lien upon the building or structure and upon the interest of the owner 
 of the building or structure in the lot of land upon which it is situated 
 to secure the payment of the debt due to him.  
 . . .
 [L]abor performed . . . includes . . . the work making 
 the real estate suitable as a site for the building or structure.  The work 
 is considered to include, but not be limited to, the grading, bulldozing, 
 leveling, excavating, and filling of land . . .
 
 S.C. Code Ann. § 29-5-10 (Supp. 2003).  
 Little River relies on Clo-Car Trucking Co., 
 Inc. v. Clifflure Estates of South Carolina, 282 S.C. 573, 320 S.E.2d 
 51 (Ct. App. 1984), for the proposition that if no structure is erected on 
 a tract of land, a mechanics lien, by the plain language of the statute, 
 cannot attach to the land.  In Clo-Car Trucking, the contractor, pursuant 
 to its contract with the previous owner, cleared and graded land for the construction 
 of streets and roads.  Neither the contractor nor anyone else did anything 
 more to the land.  This court held that, under section 29-5-10, a mechanics 
 lien cannot attach to land or to an owners interest in land where the work 
 done is unconnected with and forms no integral part of the erection, alteration, 
 or repair of either a building or a structure of some description.  Clo-Car 
 Trucking Co., Inc., 282 S.C. at 578, 320 S.E.2d at 54.
 We find A.V.A. Construction Corporation v. Santee Wando 
 Construction, 303 S.C. 333, 400 S.E.2d 498 (Ct. App. 1990), more instructive 
 on this issue.  In A.V.A. Construction, the contractor had contracted 
 to construct the tennis court, provide drainage facilities, build roads with 
 curbs, and clear and grade land in anticipation of development of a subdivision.  
 At the time the action was commenced, no houses had been constructed on any 
 of the lots.  Noting the General Assemblys recent liberalization of the mechanics 
 lien statute, this court found the mechanics lien attached to the land because 
 the work was provided in order to make [the land] usable for building structures, 
 notwithstanding the fact that the buildings were yet to come. [3]   Id.  at 335, 400 S.E.2d at 500.  In 
 reaching this decision, this court expressly distinguished Clo-Car Trucking 
 on the factual basis that, in the earlier case, no allegation was made that 
 the clearing and grading were done in connection with the construction or 
 erection of any building or structure.  Id.
 We find the facts before this court more analogous 
 to those in A.V.A. Construction.  While no structure currently exists 
 on Little Rivers property, the work performed by CMI was clearly performed 
 in anticipation of the construction of a hotel and was provided to Little 
 River in order to make the plot suitable for such.  We find the statute sufficiently 
 broad to encompass labor essential to the owners development of his property, 
 regardless of the subsequent progress of that development.  
 III. Owner Consent
 Little River argues the trial court erred 
 in enforcing the mechanics lien because there was no agreement with or consent 
 from the owner of the land, Little River, for CMI to perform the labor on 
 the land.  We disagree.
 Little River bases its argument on the language 
 of the mechanics lien statute which provides:
 
 A person to whom a debt is due for labor performed . . 
 . in the erection, alteration, or repair of a building or structure upon real 
 estate . . . by virtue of an agreement with, or by consent of, the owner 
 of the building or structure, or a person having authority from, or rightfully 
 acting for, the owner in procuring or furnishing the labor or materials 
 shall have a lien upon the building or structure and upon the interest of 
 the owner of the building or structure in the lot of land upon which it is 
 situated to secure the payment of the debt due to him.  
 
 S.C. Code Ann. § 29-5-10 (Supp. 2003) (emphasis added).  
 Little River contends, because no contract existed directly between it and 
 CMI, no consent was given to CMI to perform the labor on the land.  
 The consent required by section 29-5-10 is something 
 more than a mere acquiescence in a state of things already in existence.  
 It implies an agreement to that which, but for the consent, could not exist, 
 and which the party has a right to forbid.  F & D Elec. Contractors, 
 Inc. v. Powder Coaters, Inc., 350 S.C. 454, 459-60, 567 S.E.2d 842, 844 
 (2002).  This consent does not require an express contract, but must indicate 
 an agreement that the owner of . . . the land shall be, or may be, liable 
 for the materials or labor.  F & D Elec. Contractors, 350 S.C. 
 at 460, 567 S.E.2d at 845 (quoting St. Catherines Church Corp. of Riverside 
 v. Technical Planning Assocs., 9 Conn.App. 682, 520 A.2d 1298 (Conn. Ct. 
 App. 1987)).
 F & D Elec. Contractors involved the 
 issue of owner consent regarding a mechanics lien in a landlord-tenant context.  
 In such a context, the landlord/owner or his agent must directly give the 
 tenant or materialman express or implied consent acknowledging his liability 
 for the work.  The reasoning behind this requirement is manifest in the landlord-tenant 
 relationship.  A landlord/owner should not be liable for repairs or improvements 
 undertaken at the sheer caprice of a tenant, even if the landlord is aware 
 of the improvements or grants the tenant general permission to undertake them.  
 We find the situation before us now, however, quite different from that arising 
 within the landlord-tenant context.
 The labor performed by CMI was commenced and 
 completed at the sole behest of Little River, through its general contractor 
 CDA.  But for the consent and impetus of Little River, the labor on the plot 
 of land would not exist.  The labor was performed for the sole benefit of 
 Little River.  Its owner and operator, Patel, visited the sight and expressed 
 his satisfaction with the work.  These visits constitute more than mere acquiescence 
 of a particular state of the land.  Rather they are evidence that the work 
 commenced under the direction of Little River.  The evidence in the record 
 demonstrates the understanding between Little River and CDA, who shared a 
 longstanding professional relationship, that the work being performed on the 
 site by CMI was within the agreed upon scope of the essential first stage 
 of the propertys development.  For these reasons, we conclude the work performed 
 by CMI on the hotel sight was commenced by consent of Little River.  Thus, 
 the enforcement of the lien was proper.
 IV. Monies due CDA from Little River 
 Little River argues that because no monies were due CDA at the 
 time CMI served its notice and certificate of mechanics lien, Little River 
 owes CMI nothing on the lien.  As this issue was not conclusively raised at 
 trial or ruled upon by the trial court in its final order, it is not preserved 
 for our review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 
 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised 
 for the first time on appeal, but must have been raised to and ruled upon 
 by the trial judge to be preserved for appellate review.).
 V.  Award of in personam judgment 
 Little River argues 
 the trial court erred in awarding CMI a monetary in personam judgment against 
 Little River without ordering the sale of the property to pay the mechanics 
 lien indebtedness.  It asserts this issue is one of subject matter jurisdiction.  
 We disagree with this assertion.  As stated above, subject matter jurisdiction 
 concerns the power to hear and determine cases of the general class to which 
 the proceedings in question belong.  McLendon v. South Carolina Department 
 of Highways and Public Transportation, 313 S.C. 525, 525-26, 443 S.E.2d 
 539, 540 (1994).
 
 There is a wide difference between a want of jurisdiction 
 in which case the court has no power to adjudicate at all, and a mistake in 
 the exercise of undoubted jurisdiction in which case the action of the trial 
 court is not void although it may be subject to direct attack on appeal.  
 A judgment will not be vacated for a mere irregularity which does not affect 
 the justice of the case, and of which the party could have availed himself, 
 but did not do so until judgment was rendered against him.
 
 Thomas & Howard Co. v. 
 T.W. Graham and Co., 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995) (citations 
 omitted).
 When a court acts with proper subject matter jurisdiction 
 but takes some action outside of its authority, the party against whom the 
 act is done must object and directly appeal.  Coon v. Coon, 356 S.C. 
 342, 348, 588 S.E.2d 624, 627 (Ct. App. 2003).  
 Here, the trial court certainly had the power to hear and 
 determine mechanics lien cases.  Its failure to order the sale of the property 
 involved is, at the most, a mistake in the exercise of its undoubted jurisdiction.  
 As Little River failed to raise this omission to the trial court in a post-trial 
 motion, the issue is not properly before this court.  See Padgett 
 v. Mercado, 341 S.C. 229, 233, 533 S.E.2d 339, 341 (Ct. App. 2000) (stating 
 a post-trial motion must be made where there are errors or inconsistencies 
 in the trial courts order).
 VI.          
 Amount of attorneys fees 
 
 Little River argues the trial court erred in its award 
 of attorneys fees to CMI as the court failed to make specific findings of 
 fact on the record for each of the six factors necessary for consideration 
 in determining such an award.  Little River, however, failed to raise to the 
 trial court its concern over a lack of consideration of these factors in the 
 form of a motion to alter or amend the judgment pursuant to Rule 59, SCRCP.  
 Accordingly, this issue is not properly before this court.  See Wilder 
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic 
 that an issue cannot be raised for the first time on appeal, but must have 
 been raised to and ruled upon by the trial judge to be preserved for appellate 
 review.); Baker v. Wolfe, 333 S.C. 605, 614, 510 S.E.2d 726, 731 (Ct. 
 App. 1998) (noting where record did not indicate appellant objected to the 
 reasonableness of the hours or fees, either at the hearing or by way of a 
 motion to reconsider, the issue was not properly before the court).  Furthermore, 
 because the mechanics lien was proper, we find the trial court properly granted 
 CMI attorneys fees.  
 VII.  Unjust Enrichment
 Because we conclude the mechanics lien 
 was properly enforced against Little River, we need not address Little Rivers 
 exceptions to the trial courts ruling on CMIs unjust enrichment claim.  
 See Hodge v. First Fed. Sav. & Loan Assn, 267 S.C. 270, 
 275, 227 S.E.2d 310, 312 (1976) (stating that because the appellant had failed 
 to establish error in the enforcement of the mechanics lien, the personal 
 judgment premised upon the contingency of the invalidity of the lien was academic).  
 
 CONCLUSION
 For the foregoing reasons, the order of the trial court 
 is
 AFFIRMED.
 ANDERSON, HUFF, and KITTREDGE, JJ., concur.  
 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [2] Although similar in operation, a statute that creates a new liability 
 and affixes the time within which an action may be commenced is not a statute 
 of limitation but a statute of creation.  Simpson v. Sanders, 314 S.C. 
 413, 415, 445 S.E.2d 93, 94 (1994); Knight Pub. Co. v. University of South 
 Carolina, 295 S.C. 31, 33, 367 S.E.2d 20, 21 (1988) (overruled on other 
 grounds in Simpson v. Sanders, 314 S.C. 413, 445 S.E.2d 93 (1994)).

 
 
 [3] Little River contends, in A.V.A Constr. Corp. v. Santee Wando 
 Constr., 303 S.C. 333, 400 S.E.2d 498 (Ct. App. 1990), the this court 
 determined the constructed tennis courts and roads to be structures under 
 the act.  We find nothing in that opinion that would reflect this interpretation 
 by the court of the mechanics lien statute or the facts of that case.