648 S.E.2d 605

**Raymond SKIBA, d/b/a Skiba Landscaping and Construction, Respondent,**

v.

**Marjorie Sue GESSNER and Terral Monty Matlock, Appellants.**

No. 26363.

Supreme Court of South Carolina.

Heard June 7, 2007.
Decided July 23, 2007.
Rehearing Denied Aug. 23, 2007.

James P. Stevens, Jr., of Stevens Law Firm, P.C., of Loris, for appellant.

David J. Canty, of David J. Canty, P.A., of Myrtle Beach, for respondent.

Justice MOORE.

Respondent was hired by appellant's[1] then fiancée, Terral Matlock, to perform lot clearing and the removal of unmarked trees, roots, and ground debris in return for $13,200. Appellant did not pay respondent for the work, but instead sent respondent a complaint letter, which stated the scope of respondent's work included root-raking and cleaning of the lot to prepare it for landscaping.[2] Respondent perfected a mechanic's lien and later brought an action for foreclosure. Appellant answered and filed a counterclaim that respondent left the job unfinished and that she had to hire someone else to complete the work.

At the conclusion of the trial, the trial court granted appellant's motion to dismiss on the ground that respondent violated S.C.Code Ann. § 40–11–30 (2001),[3] by not having a con-

[1]. Appellants were not yet married at the time the work was completed. Appellant Matlock's motion for summary judgment was granted on the basis he had no property interest in the lot. Accordingly, for purposes of this appeal, we will only be referring to Appellant Gessner.

[2]. Appellant asserts, however, that her position has always been that the site work was for the purpose of improving the real estate for the erection of a residence.

[3]. Section 40–11–30 provides that "[n]o entity or individual may practice as a contractor by performing ... contracting work for which the

tractor's license. The court noted that the work for which respondent contracted fell within the definition of general construction because it was an improvement of any kind to real property. Pursuant to S.C.Code Ann. § 40–11–370 (Supp.2006), which states that an entity which does not have a valid license as required by Chapter 40 may not bring an action at law or in equity to enforce the provisions of a contract, the court found that because respondent did not have a license, he could not bring an action against appellant. The court dismissed appellant's counterclaim alleging that respondent left the job unfinished and caused damage to the property for lack of proof.

Respondent then filed a motion for reconsideration. During the hearing on the motion, the trial court allowed appellant to amend her complaint to add the affirmative defense of illegality of the contract. The court further concluded that the case should be re-opened so that the parties could take more depositions and could produce the rules and regulations of the Department of Labor, Licensing, and Regulation as they relate to § 40–11–30.

At the next hearing, the deposition of Ron Galloway, the administrator of the South Carolina Contractor's Licensing Board was submitted. Galloway stated he had reviewed the documents between the parties and concluded no building was involved in the contract and that respondent's work was not in preparation for a building site. He stated it was simply "moving dirt." Galloway stated that clearing, grubbing, and removing debris does not require a contractor's license and that respondent's work was exempt from the licensing requirement.

The court concluded respondent was not required to have a license to perform the work requested by appellant, and therefore, that the contract was not illegal as it had earlier ruled. In its order, the trial court found that respondent was entitled to $14,700; however, the court subtracted $6,300 for respondent's improper removal of trees. Accordingly, the court found respondent was entitled to $8,400 plus prejudgment interest.

---

total cost of construction is greater than five thousand dollars for general contracting. . . ."

## ISSUE

Did the trial court properly find in respondent's favor?

## DISCUSSION

■ At the time respondent perfected his mechanic's lien and brought the foreclosure action, it was understood by the parties that respondent's work had been completed in preparation for appellant's subsequent building of a home on the property. During the trial, appellant determined that the contract was illegal because respondent did not have a contractor's license at the time the work was performed. At this point, the trial court originally correctly dismissed respondent's action on the ground the contract was illegal. *See* S.C.Code Ann. § 40–11–30 (2001) (no individual may practice as a contractor by performing or offering to perform contracting work for which the total cost of construction is greater than five thousand dollars for general contracting); S.C.Code Ann. § 40–11–20(8) (2001) (" 'General construction' means the installation, replacement, or repair of a building, structure, . . . or improvement of any kind to real property.").

It is apparent that when respondent discovered that he was required to have a license to legally perform the work for appellant, he decided to take an inconsistent position. It is at this point when respondent claimed that his work was actually not in preparation for a building, but was in preparation for landscaping. After hearing Galloway's deposition, the trial court concluded respondent was not required to have a license to perform the work.

Because the work performed by respondent, as respondent now claims, was for the purpose of preparing the lot for landscaping and not for any work related to a building or structure, appellant contends a mechanic's lien cannot attach to the property. Appellant's argument is based on S.C.Code Ann. § 29–5–10(a) (2007), which states that for a person to have a mechanic's lien, the person must perform or furnish labor or furnish materials that are "actually used in the erection, alteration, or repair of a building or structure upon real estate." Section 29–5–10(a) provides that the "labor performed or furnished in the erection, alteration, or repair of any building or structure upon any real estate includes the . . . work of making the real estate suitable as a site for the building or structure."

A mechanic's lien exists only by virtue of statute; therefore, one's right to a mechanic's lien is wholly dependent upon the language of the statute creating it. *Clo–Car Trucking Co., Inc. v. Clifflure Estates of South Carolina, Inc.*, 282 S.C. 573, 320 S.E.2d 51 (Ct.App.1984) We are not at liberty to depart from the plain meaning of the mechanic lien's statutory language. *Id.*

In *Clo–Car,* the Court of Appeals found that land cleared and graded for the purpose of a road is not a building or a structure within the meaning of the statute. The Court of Appeals concluded that under § 29–5–10, a mechanic's lien cannot attach to land or to an owner's interest in land where the work done is unconnected with and forms no integral part of the erection, alteration, or repair of either a building or a structure of some description. *See also George A.Z. Johnson, Jr., Inc. v. Barnhill,* 279 S.C. 242, 306 S.E.2d 216 (1983) (to establish a mechanic's lien, it is generally necessary that the labor performed go into something which has attached to and become a part of the real estate, adding to the value thereof).

On the current facts of this case, respondent's work was completed for the purpose of preparing the land for landscaping and not in connection with the erection, alteration, or repair of a building or structure. Accordingly, a mechanic's lien could not attach and the trial court erred by finding in favor of respondent. Therefore, the decision of the trial court is

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.