766 S.E.2d 876

**The GREENS OF ROCK HILL, LLC and GRH 2011, LLC, Respondents,**

**v.**

**RIZON COMMERCIAL CONTRACTING, INC. and Road Machinery and Supplies Co., Defendants,**

**of whom RIZON COMMERCIAL CONTRACTING, INC. is the Appellant.**

Appellate Case No. 2012–213563.

No. 5281.

Court of Appeals of South Carolina.

Heard Sept. 10, 2014.

Decided Dec. 3, 2014.

Rehearing Denied Jan. 14, 2015.

---

Daniel Dominic D'Agostino, D'Agostino Law Firm, of York, for Appellant.

Herbert W. Hamilton and Walter Keith Martens, Hamilton Martens Ballou & Carroll, LLC, of Rock Hill; and Tracy Thompson Vann, Nexsen Pruet, LLC, of Charlotte, NC, all for Respondents.

FEW, C.J.

Rizon Commercial Contracting, Inc. appeals the circuit court's order vacating its mechanic's liens and dismissing its counterclaim for foreclosure. We find the circuit court erred in determining as a matter of law that Rizon was not a "laborer" that performed work "for the improvement of real estate" under subsection 29–5–20(A) of the South Carolina Code (2007). We reverse and remand for foreclosure proceedings.

## I. Facts and Procedural History

In 2010, the Greens of Rock Hill, LLC and GRH 2011, LLC (collectively the "owners") initiated the "Riverwalk development project," which involved developing several pieces of property on the Catawba River in Rock Hill into a large, mixed-use community. The owners hired Celriver Services, LLC to serve as the general contractor for portions of the development project, which included demolishing an abandoned manufacturing facility on the property, grading the land, and installing roads and infrastructure.

Following the demolition of the manufacturing facility, large pieces of "scrap concrete" remained on the property. Celriver

hired Rizon to crush this concrete into usable material. Specifically, the contract [1] between the parties provided,

> The Work to be performed by the Subcontractor [Rizon] includes mobilization of all labor, equipment, materials and other items required to crush and screen 30,000 tons of concrete stockpiled [on the property]. The concrete material is to be crushed and screened, as required, to meet the South Carolina Department of Transportation specifications for Graded Aggregate Base. . . .

Rizon paid for the rental equipment used to crush the concrete and for all expenses incurred in completing the contract, including labor and operating costs. Upon completion of the work, Celriver moved the crushed concrete to "various sites" on the property, where it was used as a paving base for roads, sidewalks, and parking lots.

Rizon subsequently filed mechanic's liens against the Riverwalk property pursuant to section 29–5–20, claiming it was owed $295,591 for the work it performed. The owners filed a petition to vacate the liens, claiming Rizon "did not provide labor, material, or supplies for the improvement of real property" and was thus "not entitled to a mechanic's lien." Rizon filed an answer and counterclaim seeking foreclosure.

The trial court issued an order vacating Rizon's mechanic's liens and dismissing its foreclosure claim. The court found Rizon was not a laborer because it "did not . . . do anything to improve the real estate." Although the court acknowledged that "crushing the concrete may have been a benefit to Celriver," it determined this work, by itself, "did not improve

---

1. The owners included with their petition to vacate the mechanic's liens a written contract between Celriver and Rizon dated 2010. Rizon's owner claimed in an affidavit, however, that "the contract from 2010 was not the contract under which [Rizon was] working." At oral argument, Rizon told the court Celriver initially hired Rizon in 2010 to crush the scrap concrete, and the 2010 contract covered the work performed by Rizon for that year. Rizon explained, however, that there was no written contract covering the work performed in 2011, which is the work relevant to this litigation. Notwithstanding this, Rizon admitted that the terms of the oral contract established in 2011 were "substantially the same" as those provided in the 2010 written contract. This is supported by the affidavit of Dave Williams, Vice President of Celriver, which used the same language contained in the 2010 contract to describe the work to be performed by Rizon under the 2011 contract.

the real property." Based on this finding, the circuit court ruled as a matter of law Rizon did not meet the requirements for a mechanic's lien under section 29–5–20.

## II. Rizon's Entitlement to Mechanic's Liens

Mechanic's liens "are purely statutory and may be acquired and enforced only in accordance with the terms and conditions set forth in the statutes creating them." *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 340, 762 S.E.2d 561, 565 (2014). According to subsection 29–5–20(A), "[e]very laborer, mechanic, subcontractor, or person furnishing material for the improvement of real estate . . . has a lien thereon . . . to the value of the labor or material so furnished." The purpose of subsection 29–5–20(A) "is to protect a party who provides labor or materials for the improvement of property but does not have a contractual relationship with the property owner." *Sloan Constr. Co. v. Southco Grassing, Inc.*, 377 S.C. 108, 121, 659 S.E.2d 158, 165 (2008).

The circuit court vacated Rizon's mechanic's liens based on the procedure approved by the supreme court in *Sea Pines Co. v. Kiawah Island Co.*, 268 S.C. 153, 157, 232 S.E.2d 501, 502 (1977), which allows the circuit court to consider the propriety of a mechanic's lien under a standard that "may be . . . likened to the [court]'s authority to grant a summary judgment if there is no genuine issue of material fact to be determined." We hold the circuit court erred by vacating the liens. Viewing the evidence in the light most favorable to Rizon, we find Rizon was a "laborer" that performed work "for the improvement of real estate," which entitles it to a mechanic's lien under subsection 29–5–20(A). *See Wachovia Bank, N.A. v. Coffey*, 404 S.C. 421, 425, 746 S.E.2d 35, 38 (2013) (stating that when considering a motion for summary judgment, "the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party").

The owners admit the concrete crushed by Rizon "was used to improve the property," but contend the sole task for which Rizon contracted did not, by itself, improve the real estate. We disagree. Celriver hired Rizon to accomplish two tasks: (1)

rid the property of the demolition debris so construction could continue; and (2) convert concrete blocks into fragments that could be used in paving the roadways on the property. Rizon rented equipment and provided all the labor, fuel, and supervision necessary to remove the scrap concrete from the property—a component of the work necessary for the development project to continue—by crushing it into a material that went directly back into the project. We find these facts, when viewed in the light most favorable to Rizon, demonstrate that Rizon was a laborer under section 29–5–20 because the work it performed was necessary to the development project and generated a product that was used to improve the property. *See A.V.A. Constr. Corp. v. Santee Wando Constr.,* 303 S.C. 333, 336, 400 S.E.2d 498, 500 (Ct.App.1990) ("We think the [mechanic's lien] statute sufficiently broad to encompass labor ... absolutely essential to the owner's development of his properties.").

We find further support for our holding in certain sections of the mechanic's lien statute. As this court stated in *A.V.A.,* "There has been over the years a tendency of the General Assembly to liberalize the mechanic's lien statute, making available each time a lien to additional providers of labor and materials." 303 S.C. at 335, 400 S.E.2d at 500. The legislature has expanded the scope of the mechanic's lien statute to cover persons performing a component of the labor necessary to complete construction and development projects, even though "the labor performed [did not] go into something which has attached to and become a part of the real estate." *George A.Z. Johnson, Jr., Inc. v. Barnhill,* 279 S.C. 242, 245, 306 S.E.2d 216, 218 (1983). For example, a person "who provides a landscape service," which includes "land clearing, grading, filling, plant removal, natural obstruction removal, or other preparation of land," is entitled to a mechanic's lien under section 29–5–20. S.C.Code Ann. § 29–5–26 (Supp.2013). Additionally, South Carolina Code section 29–5–27 (2007) states, "Any person providing construction and demolition debris disposal services, ... including, but not limited to, final disposal services ... is a laborer within the meaning of Section[ ] 29–5–20."

We need not determine whether Rizon's work is covered by these specific statutes because we find it is entitled to a lien under section 29–5–20. Nevertheless, we find these sections of the mechanic's lien statute helpful to our analysis. They demonstrate the legislative intent that a person who performs a component of the work involved in development and construction projects should be considered a "laborer" that performed work "for the improvement of real estate." § 29–5–20(A). Accordingly, we conclude Rizon was entitled to a mechanic's lien under section 29–5–20.[2]

### III. Conclusion

We hold the circuit court erred in vacating Rizon's mechanic's liens and dismissing its foreclosure action as a matter of law. Therefore, the order of the circuit court is **REVERSED** and the case **REMANDED** for the court to hold foreclosure proceedings consistent with this decision.

LOCKEMY, J., concurs.

THOMAS, J., dissenting.

I respectfully dissent, as I would hold that the work performed by Rizon does not entitle it to mechanic's liens under section 29–5–20 of the South Carolina Code (2007). *See Clo-Car Trucking Co. v. Clifflure Estates of S.C., Inc.*, 282 S.C. 573, 576, 320 S.E.2d 51, 53 (Ct.App.1984) ("[A] claim may not be sustained when that can be done only by a forced and

---

2. The circuit court also found (1) Rizon did not furnish the material that was used to improve the property because "Rizon's sole task was simply to change the form of the scrap concrete supplied by others into stone usable in the construction of roads"; and (2) "Rizon was not a subcontractor as it relates to the improvement of the subject real estate" because "there is no indication that Celriver's contract with the Owners required crushing of the concrete in order that it could be used in building roads and sidewalks." We decline to address these findings because our conclusion that Rizon is a laborer under subsection 29–5–20(A) is sufficient to support our holding. *See* § 29–5–20(A) (providing a mechanic's lien to "[e]very laborer, mechanic, subcontractor, *or* person furnishing material" (emphasis added)). We also do not address Rizon's argument that the circuit court erred in ruling on the owners' petition without allowing discovery because our holding is dispositive of this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address other issues raised by appellant because resolution of a prior issue was dispositive).

unnatural interpretation of the language of the statute. . . . [We will] not . . . apply the rule of liberal construction to create a lien where none exists or was intended by the legislature." (second, third, and fourth alterations in original) (quoting 53 Am.Jur.2d *Mechanics' Liens* § 18 at 535 (1970)); *id.* ("Statutory liens, then, will not be extended by us to permit a claim not specified by the statute."); *id.* ("He who sets up such a lien must bring himself fairly within the expressed intention of the lawmakers." (quoting *Williamson v. Hotel Melrose*, 110 S.C. 1, 34, 96 S.E. 407, 415 (1918)) (internal quotation marks omitted)).

"[S]ection 29–5–20(A) . . . provides in relevant part: 'Every laborer, mechanic, subcontractor, *or person furnishing material* for the improvement of real estate when the improvement has been authorized by the owner has a lien thereon, subject to existing liens of which he has actual or constructive notice, to the value of the labor or material so furnished. . . .'" *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 340–41, 762 S.E.2d 561, 566 (2014) (third alteration in original) (quoting S.C.Code Ann. § 29–5–20(A) (2007)). All of the evidence in the record reveals that Rizon was hired for the task of crushing concrete stockpiled at the former Celanese Acetate Plant. While it is undisputed that some of this crushed concrete was used by Celriver to improve the property, there is no evidence that the work performed by Rizon improved the real estate upon which its mechanic's liens were placed. I disagree with the majority as to the work performed by Rizon in that I find the evidence in the record reveals Rizon's only task was to crush concrete that it neither owned nor used to improve the real estate.[3]

While Rizon did pay for the labor, services, and material used in crushing the stockpiled concrete, these activities do not amount to furnishing material for the improvement of real estate within the meaning of section 29–5–20, as these materi-

---

**3.** I have found no evidence in the record to support the majority's statement that one reason Celriver hired Rizon was to rid the property of demolition debris so construction could continue. At oral argument, Rizon admitted that the terms of the oral contract in 2011 were "substantially the same" as the terms of the 2010 contract provided in the record, and that contract simply states that Rizon was hired for the purpose of crushing stockpiled concrete.

als were not actually used in the improvement of the real estate. *See* S.C.Code Ann. § 29–5–22 (2007) ("A person who supplies tools, appliances, machinery, or equipment used *as provided in Section 29–5–10(a)* is considered to have furnished material for the improvement of real estate within the meaning of Sections 29–5–20...." (emphasis added)); S.C.Code Ann. § 29–5–10(a) (2007) ("A person to whom a debt is due for labor performed or furnished or for materials furnished *and actually used in the erection, alteration, or repair of a building or structure upon real estate* ... shall have a lien upon the building or structure...."); *id.* ("As used in this section, materials furnished and actually used include tools, appliances, machinery, or equipment *supplied for use on the building or structure* to the extent of their reasonable rental value during their actual use.").

Moreover, Rizon did not dispose of discarded solid wastes and therefore does not fall within the ambit of "construction and debris disposal services" under section 29–5–27. *See* S.C.Code Ann. § 29–5–27 (2007) ("Any person providing construction and demolition debris disposal services, as defined in Section 44–96–40(6), including, but not limited to, final disposal services provided by a construction and demolition landfill, is a laborer within the meaning of Sections 29–5–20...."); S.C.Code Ann. § 44–96–40(6) (2002) (" 'Construction and demolition debris' means discarded solid wastes resulting from construction, remodeling, repair and demolition of structures, road building, and land clearing.").

Based on the foregoing, I would affirm the order of the circuit court.