21721

Juanita L. KELLY, Executrix of the Estate of P. C. Kelly, Appellant, v. Ethel McCRAY, Ernest Beaty, Roy Beaty, Beatrice Beaty Cribb, Essie Beaty Shepard, Orena Beaty Hicklin, Emerson Beaty, Dave Carr, Sr., Dave Carr, Jr., and Mary Jane Grissette, and John Doe and Richard Roe, representing all heirs and persons unknown of J. E. Beaty and Mary Beaty, Henriette Bellamy and Lillie Black Beaty, of whom Ethel McCray is Appellant-Respondent, and Ernest Beaty, Roy Beaty, Beatrice Beaty Cribb, Essie Beaty Shepard, Orena Beaty Hicklin, Emerson Beaty, Dave Carr, Sr., Dave Carr, Jr., and Mary Jane Grissette are Respondents.

(292 S. E. (2d) 587)

*D. W. Green, Jr.*, of *Burroughs, Green & Sasser*, Conway, *for appellant.*

*Franklin R. DeWitt*, Conway, *for appellant.*

*John P. Henry*, of *Thompson, Henry & Lovelace*, Conway, and *H. Buck Cutts*, Surfside Beach, *for respondents.*

June 8, 1982.

GREGORY, Justice:

This is an action in partition. Appellant-respondent Ethel McCray appeals from the order of the circuit court finding an agreement equally dividing the estate of James E. Beaty among his heirs enforceable. Appellant Kelly appeals from the order of the circuit court requiring each party to pay his own attorney. We affirm in part and reverse in part.

Appellant-respondent and the nine respondents are heirs of James E. Beaty who, at his death in 1915, was seized and possessed of certain tracts of land in Horry County, one of which — a two hundred sixty-six (266) acre tract — is the subject of this action.

In 1959, appellant-respondent purchased three-fifths of the Beaty Estate from three children of James E. Beaty. In 1960, she attempted to convey a portion of her interest to P. C. Kelly, however, due to a scrivener's mistake in the agreement, her entire interest was conveyed.

December 7, 1976, the Beaty heirs executed an agreement to subdivide the Beaty Estate thereby giving each heir an equal share.

In June 1978, P. C. Kelly brought an action to determine the issues of ownership of land and partition.

Appellant-respondent answered and sought reformation of the deed to Kelly from her. November 30, 1978, Kelly and appellant-respondent settled the issue of ownership of the three-fifths of the Beaty Estate which appellant-respondent conveyed to Kelly. By agreement, each would own three-tenths of the estate.

Respondent answered alleging the written agreement of December 7, 1976, had been executed by the parties and sought a determination of the ownership of the estate.

The case was referred to a master who found the agreement among the heirs unenforceable because appellant-respondent did not hold title to any interest in the estate at the time the agreement was executed. Respondents excepted to this finding, and, on appeal, the circuit court held the agreement enforceable. We quote with approval a portion of the circuit judge's decree:

"The finding by the Master that the title was in P. C. Kelly is inconsistent with the agreement between P. C. Kelly and Ethel McCray that the deed was a mistake and that it was not intended by Ethel McCray to convey all her interest to P. C. Kelly by deed dated January 3, 1960."

\* \* \*

"... It would now be inequitable to allow the defendant, Ethel McCray, to deny title and thereby render her own agreement unenforceable. The principle of estoppel in equity stands on the very foundations of right and fair dealing, and it considers and weighs conduct of men in their dealings with each other and gives that effect and meaning to their actions which common sense and justice dictate. *General Motors Acceptance Corp. v. Herlong,* 248 S. C. 55, 159 [149] S. E. (2d) 51 (1966). . . . (t)he essential elements of an equitable estoppel are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon such character as to change his position prejudicially. *South Carolina State Highway Department v. Metts,* 270 S. C. 73, 240 S. E. (2d) 816 (1978). A review of the record indicates that the elements of equitable estoppel are present in the case at bar. It is therefore the finding of this court that the defendant, Ethel McCray, is estopped to deny her title to the property, the subject of this action, at the time of the execution of the partition agreement. . . ."

We agree with the circuit court and hold the agreement is valid and binding upon appellant-respondent and respondents.

Appellant-respondent argues several additional grounds upon which the circuit court erred in holding the agreement was enforceable. We conclude these arguments are without merit and therefore, dismiss them under Rule 23 of the Rules of Practice and Procedure of this Court.

The master recommended attorneys' fees of Fifteen Thousand and no/100 ($15,000.00) Dollars for plaintiff's attorney and Ten Thousand and no/100 ($10,000.00) Dollars each for the three attorneys for each group of defendants. None of the parties appeal the amounts awarded. He recommended the fee of plaintiff's attorney be a lien on the entire 266 acre tract, and the fees of defendants' attorneys be a lien on the parcels owned by each defendants' attorneys' respective clients. The circuit court found it more equitable for each party to be responsible for payment of his own attorney.

Appellant Kelly argues the circuit court erred in ordering each party to pay his own attorney, contending it is more equitable to assess plaintiff's attorneys' fees against all parties on a pro rata basis according to their interest in the property.

Pursuant to our authority to make findings in accordance with our own view of the preponderance of evidence, [see *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976)], we find it more equitable to assess the total amount of attorneys' fees awarded [Forty Five Thousand and no/100 ($45,000.00) Dollars] against all parties with each paying a pro rata share according to his interest in the property.

Appellant argues several additional grounds upon which the circuit judge erred in ordering each party to pay his own attorney. We conclude these are without merit and dismiss them under Rule 23 of the Rules of Practice and Procedure of this Court.

Accordingly, we affirm in part and reverse in part.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.