22485

Jean Hart HUDSON, Respondent v. Catherine Goss LEOPOLD, Appellant.
(341 S. E. (2d) 137)

Supreme Court

*Ivan M. Nossokoff,* and *Robertson H. Wendt, Jr.,* of Igle-heart & Wendt, Charleston, *for respondent.*

*Richard C. Bell* and *Diane M. LeHoullier,* both of *Bell & McNeill,* Mt. Pleasant, *for appellant.*

Heard Jan. 20, 1986.

Decided Feb. 27, 1986.

GREGORY, Justice:

This is an action to rescind a deed. Respondent's complaint alleged undue influence and incapacity. The trial judge, without reference, found the deed to be the product of undue influence. This appeal followed. We reverse.

First, appellant argues the trial judge erred in placing with her the burden to disprove the allegation of undue influence. The lower court reasoned the confidential relationship between the parties gave rise to a presumption of undue influence, thus shifting the burden of proof. This was error.

A deed regular and valid on its face raises a presumption of validity. *Grant v. Hudson*, 192 S. C. 394, 7 S. E. (2d) 2 (1940). Generally, the party attacking the deed has the burden of proof. *Wilson v. Wilson*, 117 S. C. 454, 112 S. E. 330 (1921). A fiduciary relationship between the grantor and grantee may give rise to a presumption of undue influence, thus shifting the burden of proof to the grantee to rebut the presumption. *See Baynard v. Ulmer*, 153 S. C. 100, 150 S. E. 610 (1929); *Wilson v. Wilson*, 117 S. C. 454, 112 S. E. 330 (1921); *DuBose v. Kell*, 90 S. C. 196, 71 S. E. 371 (1911); *See also* 26A C.J.S. *Deeds* § 193. However, the instant case does not permit the operation of this presumption.

Appellant is the niece of respondent's late husband. Although the parties were close friends, this relationship does not give rise to a presumption of undue influence. A family relationship is insufficient, *See Wilson v. Wilson; DuBose v. Kell*, as is mere confidence and affection. *See Baynard v. Ulmer.* Thus, the lower court improperly shifted the burden of proof.

Respondent argues that, notwithstanding any error in assigning the burden of proof, the lower court reached the correct result. Since this is an action in equity, tried without reference, this Court may find facts in accordance with its own view of the preponderance of evidence. *Townes Assoc. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). We disagree that respondent met her burden of proof.

There is evidence respondent is an alcoholic, and that she may have been drinking the day the deed was executed. The evidence as a whole, however, fails to establish undue influence.

Although an alcoholic, respondent has always managed her own affairs. Additonally, in a scheduled appointment at her personal attorney's office, respondent instructed him to prepare the disputed deed. The deed was prepared, executed, and delivered before respondent left the attorney's office. He was well-acquainted with his client, and testified he believed she knew what she was doing. *Cf. In re Will of Smoak*, 286 S. C. 420, 334 S. E. (2d) 806 (1985) (Gregory, A. J., dissenting.) Nothing in the preparation, execution, and delivery of the deed suggests undue influence.

We find the evidence insufficient to establish undue influence.[1] Accordingly, the order of the lower court is

Reversed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] The parties also argue the issue of capacity. It is important to note these concepts, although similar, are separate theories upon which a deed may be attacked.

The lower court did not find respondent lacked capacity, except as it related to undue influence. Therefore, the issue of capacity is not before this Court.