23152

Dorothy B. MIDDLETON, as Executrix of the Estate of Jessie Burkett (Deceased), Respondent v. Patricia SUBER, Evans M. Suber, Gwen Suber and Tommy Suber, Appellants. Dorothy B. MIDDLETON, as Executrix of the Estate of Jessie Burkett (Deceased), Respondent v. Romelle BRAILEY and Hercules Brailey, Appellants.

(388 S. E. (2d) 639)

Supreme Court

*Thornwell F. Sowell, III* and *Richard Ashby Farrier, Jr.,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellants.*

*John E. Cheatham,* Lexington, *for respondent.*

Heard Dec. 4, 1989.

Decided Feb. 5, 1990.

CHANDLER, Justice:

Appellants challenge Circuit Court's confirmation of a Special Referee's Report which set aside, on ground of undue influence, two deeds given them by one Jessie Burkett (Burkett), deceased. We reverse.

## FACTS

In June, 1983, Burkett, aged 83, deeded one acre of property along Lake Murray to Hercules and Romelle Brailey, and another acre to Patricia, Evans, Gwen and Tommy Suber (The Subers). The deeds recite a consideration of "five dollars, love and affection." Several days thereafter, Grantees each gave Burkett $700 as a token of their appreciation. The per acre market value of the property was at least $18,000.

After her death, Burkett's granddaughters, Mary Weaver (Weaver) and Dorothy Middleton (Middleton), upon learning of the transfer, commenced this action to set aside the deeds.

Referee found (1) that a "confidential relationship" existed between Burkett and Romelle Brailey (Romelle), which shifted the burden to Grantees to disprove undue influence; (2) that Grantees failed to meet the burden; (3) and that, irrespective of burden-shifting, the evidence established undue influence.

Circuit Court agreed and found, additionally, (1) that the transfer was a commercial transaction with inadequate consideration; and (2) that Burkett acted without benefit of independent legal advice.

Accordingly, the deeds were set aside.

## ISSUES

1. Did the Court err in shifting the burden to Grantees to disprove undue influence?

2. Absent a burden-shifting, did the Court err in finding undue influence?

3. Did the Court err in finding a lack of independent legal advice?

4. Did the Court err in finding the transfer to be a commercial transaction?

## DISCUSSION

### I. BURDEN-SHIFTING

"A deed regular and valid *on its face* raises a presumption of validity.... Generally, the party attacking the deed has the burden of proof." *Hudson v. Leopold,* 288 S. C. 194, 196, 341 S. E. (2d) 137, 138 (1986). (Emphasis supplied.)

Where, however, a "confidential relationship" exists between the grantor and grantee, the deed is presumed invalid and the burden is upon the grantee to establish absence of undue influence. *Bullard v. Crawley,* 294 S. C. 276, 363 S. E. (2d) 897 (1987).

A confidential relationship arises when the grantor places trust and confidence in the grantee, and the grantee exerts dominion over the grantor. *Bullard, supra; Page v. Lewis,* 209 S. C. 212, 39 S. E. (2d) 787 (1946). Mere friendship is insufficient and, moreover, the relationship does not necessarily arise when the grantor depends upon the grantee for the necessities of life. Some evidence is required that the grantor reposed trust in the grantee in the handling of the grantor's affairs. *Bullard, supra* [citing *McIntosh v. Dowdy,* 625 S. W. (2d) 162 (Mo. Ct. App. 1981)].

Here, the Braileys and Subers were distant cousins of Burkett; they visited her once or twice a month; they invited her, occasionally, to Sunday dinner; and they helped her with errands, as Burkett could not drive.

There is no evidence that the Grantees were involved with any of Burkett's business affairs prior to the deed transfer. Although Romelle handled the details of the transfer, she did so at Burkett's request. As this occurred *after* Burkett's

expressed decision to make the gift, it could not have given rise to a "confidential relationship."

Finally, the record is devoid of evidence that the Grantees ever exercised dominion over Burkett.

Accordingly, no confidential relationship having been established, the Court erred in shifting the burden to Appellants to disprove undue influence.

## II. UNDUE INFLUENCE

Absent a confidential relationship, the party challenging a deed must unmistakably and convincingly show the grantor's will was overborne by the grantee. *Bullard, supra.* This "requires a showing that the grantor was unquestionably susceptible to undue influence as a result of her physical and mental condition or for some other reason. Clear evidence of opportunity and disposition by the grantee ... to influence the grantor must be present." *Bullard,* 294 S. C. at 281, 282, 363 S. E. (2d) at 900.

Here, although both granddaughters testified that Burkett was easily persuaded, neither was aware of any coercion or undue influence on the part of the Braileys or Subers. Additionally, there is *no* evidence indicating opportunity or disposition of the Grantees to influence Burkett.

The finding of undue influence was erroneous.

## III. INDEPENDENT LEGAL ADVICE

Appellants challenge Circuit Court's reliance upon a lack of independent legal advice to support its finding of undue influence.

As noted above, no confidential relationship was established and the burden remained on Middleton throughout.

Middleton presented no evidence to support this finding. In fact, the evidence indicates that Burkett was adequately advised by counsel. Accordingly, Circuit Court erred in finding a lack of independent legal advice.

## IV. COMMERCIAL TRANSACTION

Circuit Court, based upon Grantees having given Burkett $1400 *subsequent* to the execution of the deeds, found the transfer constituted a commercial transaction. We disagree.

Nothing in the record controverts Grantees' contention that the $1400 was a "token of appreciation." Additionally, there is no evidence that the property was not a gift. Indeed, Middleton concedes in her brief that language of the deed indicates a complete gift by Burkett.

The $1400 token does not negate the gift.

## CONCLUSION

Where disputes arise in the disposition of property, by will or deed, questions as to validity of such transfers often are clouded and difficult of resolution. The arguments advanced by parties are many times persuasive when the issue is close.

Historically, the Courts of this State have jealously guarded the right of grantors to deed property as they see fit. This right is fundamental, as was forcefully stated by Justice McGowan in the 1881 case of *Pressley v. Kemp*:[1]

> In this state of facts, we know of no rule of law or principle which would authorize a Court to declare the deed of [Burkett] invalid and thus defeat her intention in reference to her own property. . . .
>
> 'If, on such grounds, a deed so prepared and so executed is to be set aside, few, assuredly, of the acts of men, dealing with their own affairs are safe; and the law which enables all who are of sound mind to dispose of their property, no longer exists but in name.' (Citation omitted.)

The judgment above is reversed.

Reversed.

GREGORY, C. J., and HARWELL and TOAL, JJ., concur.

FINNEY, J., concurs in result.

---

[1] *16 S. C. 334, 358 (1881).*