**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Fatima Karriem, through her court appointed guardian, Phillip Simmons, Appellant,

v.

Sumter County Disabilities and Special Needs Board, Respondent.

Appellate Case No. 2012-213321

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2014-UP-365
Heard October 9, 2014 – Filed October 22, 2014

**AFFIRMED**

John Richard Moorman and Joseph Thomas McElveen, III, Bryan Law Firm of SC, L.L.P., of Sumter, for Appellant.

G. Murrell Smith, Jr., Lee, Erter, Wilson, Holler & Smith, LLC, of Sumter and Steven Barry Johnson, of Columbia, both for Respondent.

**PER CURIAM:**  Fatima Karriem, an adult diagnosed with autism and mental retardation, brought negligence claims against the Sumter County Disabilities and Special Needs Board after she fell and injured herself at a facility operated by the Board—the Disabilities and Special Needs facility in Sumter County.  The trial court granted the Board's motion for summary judgment, finding Karriem presented no evidence of gross negligence as required by South Carolina Code subsection 15-78-60(25) (2005), an exception to the waiver of immunity under the Tort Claims Act.

When reviewing an order granting summary judgment, an appellate court employs "the same standard applied by the trial court under Rule 56, SCRCP." *Wachovia Bank, N.A. v. Coffey*, 404 S.C. 421, 425, 746 S.E.2d 35, 37 (2013) (citation omitted).  Rule 56 provides the trial court shall grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Rule 56(c), SCRCP.

On appeal, Karriem asserts the trial court erred in granting summary judgment because issues of material fact exist as to whether the employees were grossly negligent in supervising, monitoring, and protecting Karriem.  *See* § 15-78-60(25) (providing a governmental entity is not liable for a loss resulting from the "supervision, protection, control, confinement, or custody of any . . . patient . . . or client . . . , except when the responsibility or duty is exercised in a grossly negligent manner").  We find summary judgment was proper because the evidence does not support an inference that the employees at the facility failed to exercise at least slight care in supervising Karriem.  *See Pack v. Associated Marine Inst., Inc.*, 362 S.C. 239, 245, 608 S.E.2d 134, 138 (Ct. App. 2004) (defining gross negligence as "the failure to exercise slight care" (citation omitted)).

Karriem argues, however, she also brought a separate claim for premises liability that was not subject to any Tort Claims Act exception, and thus, the court erred in applying a gross negligence standard to grant summary judgment on this claim.  Karriem's complaint does not expressly allege a premises liability cause of action.  Instead, it alleges the failure of the employees to adequately "protect," "monitor," and otherwise supervise Fatima while at the facility, which mirrors the language of subsection 15-78-60(25).  We acknowledge Karriem's arguments in response to the Board's motion for summary judgment effectively raised a separate claim for premises liability for the purposes of summary judgment.  *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412-13, 529 S.E.2d 543, 546 (2000) (finding party "effectively raised" a negligence claim at the summary judgment hearing although it was not pled in the complaint).  Nonetheless, we find the trial court did not rule

on her premises liability claim in its order.  Because Karriem filed no Rule 59(e), SCRCP, motion requesting a ruling, we find this issue unpreserved for our review. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (stating when the trial court does not rule on an issue raised to it, a party must file a motion to alter or amend the judgment to preserve the issue for appellate review).  Because we dispose of this issue on preservation grounds, we need not reach the Board's argument that the gross negligence standard provided in subsection 15-78-60(25) applies to Karriem's premises liability claim due to her status as a patient/client—to whom the facility owed a duty of supervision, protection, and control.

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**