**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bruce R. Hoffman, Appellant,

v.

Seneca Specialty Insurance Company; CRC Insurance Company; CRC Insurance Services, Inc. d/b/a Southern Cross Underwriters of Sumter; Aydlette Services of Lowcountry, Inc.; and Capstone ISG, Inc., Defendants,

Of whom Seneca Specialty Insurance Company is the Respondent.

Appellate Case No. 2013-002578

———————————

Appeal From Beaufort County
D. Craig Brown, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-248
Submitted January 1, 2016 – Filed June 1, 2016

———————————

**AFFIRMED**

———————————

Bruce Robert Hoffman, of Law Office of Bruce R. Hoffman, LLC, of Saint Helena Island, for Appellant.

Edward D. Buckley, Jr., Stephen Lynwood Brown, Russell Grainger Hines, and Joshua P. Cantwell, all of Young Clement Rivers, of Charleston, for Respondent.

<hr>

**PER CURIAM:**  Bruce Hoffman appeals the circuit court's orders granting Seneca Specialty Insurance Company's (Seneca's) motion for summary judgment and denying his summary judgment motion.  Hoffman argues the circuit court erred by ruling while a related appeal was pending, refusing to allow Hoffman to supplement his complaint, failing to offer Hoffman an opportunity to object or comment on the proposed orders, and deeming admitted Seneca's requests to admit.

1.  As to whether the circuit court erred in granting summary judgment in favor of Seneca, we find the circuit court did not err.  *See Wachovia Bank, N.A. v. Coffey*, 404 S.C. 421, 425, 746 S.E.2d 35, 37 (2013) (stating an appellate court employs "the same standard applied by the [circuit] court under Rule 56, SCRCP[,]" when reviewing an order granting summary judgment (quoting *Quail Hill, LLC v. Cty. of Richland*, 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010))); Rule 56(c), SCRCP (stating, summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Quail Hill, LLC*, 387 S.C. at 235, 692 S.E.2d at 505 ("In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party." (quoting *Pye v. Estate of Fox*, 369 S.C. 555, 563, 633 S.E.2d 505, 509 (2006))); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("However, it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine.").

2.  As to whether the circuit court erred in denying Hoffman's motion for summary judgment, we find the order not appealable.  *See Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003) ("We adhere to recent precedent and hold that the denial of a motion for summary judgment is not appealable, even after final judgment.").

3.  As to whether the circuit court erred in hearing and ruling on the summary judgment motions when there was a pending appeal that involved a separate but related party, we find no error.  *See* Rule 205, SCACR ("Nothing in these Rules shall prohibit the [circuit] court, commission[,] or tribunal from proceeding with matters not affected by the appeal."); *Metts v. Mims*, 384 S.C. 491, 498, 682 S.E.2d 813, 817 (2009) (holding when a matter before the circuit court is unaffected by an issue on appeal, the circuit court may proceed).

4.  As to whether the circuit court erred in refusing to allow Hoffman to file a supplement to his complaint, we find Hoffman waived this issue.  *See CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 81, 716 S.E.2d 877, 885 (2011) ("A litigant cannot concede an issue at trial and then raise it on appeal.").

5.  As to whether the circuit court erred and/or denied Hoffman due process by failing to offer Hoffman an opportunity to comment or object to either of the orders the circuit court signed, we find this issue not preserved.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

6.  As to whether the circuit court erred in deeming admitted Seneca's requests to admit, we find this issue not preserved.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.