**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark and Elizabeth Heil, Appellants,

v.

Stewart and Christina Hines and Sam Imler d/b/a Sam's Tree Service, Defendants,

Of whom Stewart and Christina Hines are the Respondents.

Appellate Case No. 2015-001988

———————————

Appeal From Beaufort County
Perry M. Buckner, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-470
Submitted October 1, 2016 – Filed November 9, 2016

———————————

**AFFIRMED**

———————————

Glynn Lindsey Capell and Charles Whaley Thomson, both of The Capell Law Firm, LLC, of Hilton Head Island, for Appellants.

Brian D. McDaniel, of Law Office Of Brian McDaniel, LLC, of Beaufort, for Respondents.

———————————

**PER CURIAM:**  Mark and Elizabeth Heil (collectively, Appellants) appeal the circuit court's order granting summary judgment in favor of Stewart and Christina Hines (collectively, Respondents), arguing the circuit court erred by finding no evidence existed Respondents had breached a duty to Appellants on their negligence cause of action.  Appellants contend the circuit court overlooked evidence showing Respondents failed to inspect and maintain the tree, and Respondents negligently hired Sam's Tree Service.  We affirm.

We find Appellants produced no evidence from which an inference could be made that Respondents breached their duty of care.  *See Wachovia Bank, N.A. v. Coffey*, 404 S.C. 421, 425, 746 S.E.2d 35, 37 (2013) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56, SCRCP." (quoting *Quail Hill, LLC v. Cty. of Richland*, 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010))); Rule 56(c), SCRCP (stating the circuit court shall grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Doe ex rel. Doe v. Batson*, 345 S.C. 316, 322, 548 S.E.2d 854, 857 (2001) (stating that in order to establish a cause of action for negligence, a party must "allege facts which demonstrate the concurrence of three elements: (1) a duty of care owed by the defendant; (2) a breach of that duty by negligent act or omission; and (3) damage proximately caused by the breach").  Here, the subject tree was a live, healthy tree and Appellants presented no evidence that Respondents could have observed, by reasonable inspection, the damage possibly caused by the tree limb.  *Cf. Israel v. Carolina Bar-B-Que, Inc.*, 292 S.C. 282, 288-89, 356 S.E.2d 123, 127 (Ct. App. 1987) (holding liable the owner of the property the tree grew on because there was evidence the limb was partially decayed and could have been observed by reasonable inspection by the owner).  Furthermore, when Respondents were notified the tree needed to be trimmed because it was encroaching on Appellants' roof, Respondents hired Sam's Tree Service and the work was completed within a month of notice; Appellants did not allege the delay between notice and action caused the damage.  Additionally, Appellants do not explain how the fact that Sam's Tree Service used an undocumented worker as its tree climber and the comparatively low fee Sam's Tree Service charged equate to a breach of Respondents' duty.  Moreover, Appellants did not present evidence Sam's Tree Service's work was in some way inferior, faulty, or that another tree service company would have known or communicated that a single dented shingle was cause for structural concern—if the dented shingle was the cause of the damage.  Finally, Appellants provide no support for their contention Respondents should have supervised the work Sam's Tree Service undertook.  Accordingly, we affirm.

**AFFIRMED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.