**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emily Nichols Felder, Executor of the Estate of Mamie
F. Nichols, Appellant,

v.

Albert Napoleon Thompson, Jr., Al Thaddeus Thompson,
Titus Sherod Thompson, Asia Rachal Thompson,
Respondents.

Appellate Case No. 2015-001752

---

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge
Stephanie P. McDonald, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-038
Submitted September 1, 2017 – Filed January 31, 2018

---

**AFFIRMED**

---

Precious Felder, of Atlanta, Georgia, and Louis S.
Moore, of Charleston, for Appellant.

Eduardo Kelvin Curry, of The Curry Law Firm, LLC, of
North Charleston, for Respondents.

---

**PER CURIAM:**  Emily Felder (Daughter 1), executor of the estate of Mamie Nichols (Mother),[1] appeals the jury verdict in favor of Albert Thompson, Thaddeus Thompson, Titus Thompson, and Asia Thompson (collectively, Respondents).  On appeal, Daughter 1 argues the circuit court erred in (1) failing to find the deed was void as a matter of law because it was prepared by an unlicensed attorney, (2) submitting to the jury the question of whether a confidential relationship existed, and (3) denying Mother's motion for a directed verdict on her claim of undue influence.  We affirm.

1.      Daughter 1 argues the circuit court erred in failing to find the deed was void as a matter of law because it was prepared by an unlicensed attorney.  We disagree. Daughter 1 relies on *Matrix Financial Services Corp. v. Frazer*, 394 S.C. 134, 714 S.E.2d 532 (2011), and *Wachovia Bank v. Coffey*, 389 S.C. 68, 698 S.E.2d 24 (Ct. App. 2010) (finding this court did not need to reach the issue of whether the bank's unauthorized practice of law barred equitable and legal relief because the bank could not foreclose on an invalid mortgage obtained by the deceased husband on property titled exclusively to the wife), *aff'd as modified*, 404 S.C. 421, 746 S.E.2d 35 (2013).  In *Matrix*, our supreme court stated that *a lender* "may not enjoy the benefit of equitable remedies when that lender failed to have attorney supervision during the loan process as required by our law."  394 S.C. at 140, 714 S.E.2d at 535.  In *Coffey*, this court similarly found *a lender* may not enjoy the benefits of equitable remedies when that lender committed the unauthorized practice of law. 389 S.C. at 74, 698 S.E.2d at 247.  These cases prohibited recovery to the entities that committed the unauthorized practice of law under equitable doctrines disallowing parties from benefitting from their own misconduct.  *See generally* Vitauts M. Gulbis, J.D., Annotation, *Right of Party Litigant to Defend or Counterclaim on Ground that Opposing Party or His Attorney is Engaged in Unauthorized Practice of Law*, 7 A.L.R.4th 1146 §2[a] (1981) ("Generally, courts have distinguished between cases in which a party has engaged in the unauthorized practice of law in an underlying transaction, and cases in which the party's representative has engaged in unauthorized practice in the course of litigation.").  In this case, the closing attorney had been disbarred, but no evidence was presented indicating any of the parties were aware of it at the time the unauthorized practice of law was committed.  We find no application of these cases to Respondents.

2.      Daughter 1 next argues the circuit court erred in submitting to the jury the question of whether a confidential relationship existed and denying her motion for

---

[1] Mother filed this appeal, but she subsequently died.  Daughter 1 was substituted as the named appellant after being appointed as executor of Mother's estate.

a directed verdict on her undue influence claim.[2]  We find no reversible error.  The existence of a fiduciary relationship is a question for the court; however, whether a breach of the fiduciary duty has occurred may be a question of fact.  *Spence v. Wingate*, 395 S.C. 148, 160, 716 S.E.2d 920, 926-27 (2011).  Here, the circuit court agreed on the record that a confidential relationship existed.  Although the jury verdict form includes the question of the Mother's capability of being unduly influenced, Daughter 1 neither objected to the verdict form nor included the jury charge in the Record on Appeal.  Therefore, she has waived the issue of submitting the question of the existence of a confidential relationship to the jury.  *See Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339-40, 611 S.E.2d 485, 488 (2005) (declining to address a challenge to the trial court's jury charge because the charge was not included in the Record on Appeal); *Howard v. Kirton*, 144 S.C. 89, 101, 142 S.E. 39, 43 (1928) ("If the appellant thought there was confusion in the wording of the verdict, he should have called the attention of the court to the matter at the time the verdict was rendered; and, then any seeming confusion in the language of the verdict could have been easily cleared up."); *Johnson v. Hoechst Celanese Corp.*, 317 S.C. 415, 421, 453 S.E.2d 908, 912 (Ct. App. 1995) ("Because they did not raise the alleged error at the first opportunity, we hold the landowners failed to preserve any issue regarding the court's exhibit and verdict form.").

As to the denial of Daughter 1's motion for a directed verdict on her undue influence claim, we find there was evidence to submit the issue to the jury.  *See Middleton v. Suber*, 300 S.C. 402, 405, 388 S.E.2d 639, 641 (1990) ("Where . . . a 'confidential relationship' exists between the grantor and grantee, the deed is presumed invalid and the burden is upon the grantee to establish absence of undue influence.").  Barbara Gillard testified Mother told her she wanted Donna Thompson (Daughter 2) to have the property after she died because Daughter 2 was already living at the property.  Gillard also claimed that after Daughter 2 died, Mother again stated she wanted Daughter 2's children to have the property.  Additionally, Gillard stated it was not in Daughter 2's nature to put pressure on Mother and Mother never mentioned Daughter 2 putting pressure on her.  Because Respondents provided evidence that refutes the presumption of invalidity of the deed, we find this cause of action was properly submitted to the jury.  *See Quesinberry v. Rouppasong*, 331 S.C. 589, 594, 503 S.E.2d 717, 720 (1998) ("If the evidence is susceptible to more than one reasonable inference, the case should be submitted to the jury.").

---

[2] We combine Daughter 1's second and third issues because both are related to her undue influence claim.

**AFFIRMED.**[3]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.